734

■ JOHN E. SIMPKINS, Appellant, v. COUNTY OF NASSAU, Respondent.— In an action to recover damages for personal injury sustained by plaintiff when an excavation in which he was working caved in, allegedly due to the absence of shoring and bracing, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated April 17, 1963, which denied his motion to strike out defendant's answer and for summary judgment. Order affirmed, with $10 costs and disbursements. In our opinion, the record presents triable issues of fact which preclude the granting of summary judgment. Beldock, P. J., Kleinfeld, Christ, Rabin and Hopkins, JJ., concur.

■ LOUIS GREISS, Plaintiff, v. SAMUEL FELDMAN, Defendant.— Application ex parte by plaintiff for an order directing the issuance of a body execution against the defendant based on an unsatisfied judgment of $20,355.25 against him entered May 2, 1962, in the Supreme Court, Nassau County, on the second cause of action (in the complaint) for embezzlement and conversion. Pursuant to statute (Civ. Prac. Act, § 66) the application is made to this court by reason of the prior refusal on June 18, 1963 by a Justice of the Supreme Court to grant such ex parte application. The application is granted. Plaintiff seeks the body execution based on his recovery, upon motion, of a summary judgment on said second cause of action for embezzlement and conversion. The order dated May 2, 1962, granting the summary judgment, contained a specific decretal paragraph denying plaintiff's request for a body execution, the denial being on the ground that such relief "may only be granted after an actual trial." On April 8, 1963, this court affirmed an order vacating a prior ex parte order directing the issuance of a body execution (18 A D 2d 1085). While we affirmed the order, in our memorandum decision (18 A D 2d 1085) we clearly indicated: (a) that plaintiff was free to move to have the original order granting the summary judgment "resettled or modified with respect to the body execution"; and (b) that such a change in the order would then permit a consideration of the merits of plaintiff's application for a body execution. It appears that thereafter plaintiff pursued such remedy. On June 4, 1963, upon his motion, the original order was modified by striking out the decretal paragraph denying the motion for the body execution and by substituting therefor a paragraph denying the motion "without prejudice to renewal." Thereupon, plaintiff renewed his motion by applying to a Justice of the Supreme Court in Westchester County for the issuance of a body execution. That Justice, instead of considering the motion on the merits, denied it on the ground that under our former decision (18 A D 2d 1085) the original order "represented the law of the case" despite its modification on June 4, 1963. We are constrained to disagree. The modification was made for the express purpose of permitting the application for the body execution to be renewed, as suggested by our decision. The modification should be given the effect intended. Accordingly, we now hold that plaintiff is entitled to a body execution upon the judgment obtained (as here) on a cause of action for embezzlement and conversion even though such judgment was the result of the granting of a motion for summary judgment pursuant to rules 113 and 114 of the Rules of Civil Practice. "This is so because the granting of such a motion is the procedural equivalent of a trial" (cf. *Folk* v. *Goodman*, 7 N Y 2d 87, 91). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ GEORGE STOEHRER, Plaintiff, v. ALOIS SATTLER et al., Defendants.— Application ex parte by plaintiff to this court, pursuant to statute (Civ. Prac. Act, § 66), for a warrant of attachment. A Justice of the Supreme Court previously had refused the application "unless $1,000 bond is furnished." Application denied. Beldock, P. J., Ughetta, Kleinfeld, Christ and Hill, JJ., concur.